E-FILED; Prince George's Circuit Court
Docket: 5/11/2026 12:53 PM; Submission: 5/11/2026 12:53 PM
Envelope: 26409606

RS

## IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY, MARYLAND

| | |
|---|---|
| **KIMBERLY TREACY**<br>934 Lynch Drive<br>Arnold, Maryland 21012<br><br>*Plaintiff,*<br><br>v.<br><br>**SIX FLAGS AMERICA LP**<br>13710 Central Avenue<br>Bowie, Maryland 20721<br><br>**SERVE: Registered Agent**<br>CSC-Lawyers Incorporating Service<br>Company<br>7 Saint Paul Street, Suite 820<br>Baltimore, Maryland 21202<br><br>*Defendant.* | Civil Action No.: C-16-CV-26-002844 |

### COMPLAINT

COMES NOW Plaintiff, Kimberly Treacy, by and through undersigned counsel, and for her Complaint against Defendant Six Flags America LP, respectfully states as follows:

### PARTIES

1. Plaintiff Kimberly Treacy ("Plaintiff") is an adult resident of Arnold, Maryland.

2. Defendant Six Flags America LP ("Defendant") is a Limited Partnership authorized to do business in the State of Maryland, with its principal office in Bowie, Maryland. At all times relevant, Defendant owned Six Flags America, an amusement park located at 13710 Central Avenue, Bowie, Maryland 20721, and operated the amusement park and its rides, including the "Ragin' Cajun" rollercoaster.

**EXHIBIT**

**3**

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction pursuant to Md. Code Ann., Cts. & Jud. Proc. § 1-501.

4.      This Court has personal jurisdiction over Defendant pursuant to Md. Code Ann., Cts. & Jud. Proc. §§ 6-102(a), 6-103(b), because Defendant is a Maryland LP with its principal place of business in Maryland, and Defendant caused tortious injury in Maryland.

5.      Venue is proper pursuant to Md. Code Ann., Cts. & Jud. Proc. §§ 6-201, 6-202, because Defendant operates its business in Prince George's County, and the cause of action arose in Prince George's County.

## FACTUAL ALLEGATIONS

6.      On Tuesday, August 22, 2023, Plaintiff was lawfully present at Six Flags America as a paying patron and business invitee of Defendant.

7.      Plaintiff boarded and rode the Ragin' Cajun ride—a spinning roller coaster located on the grounds of Defendant's amusement park and operated by Defendant.

8.      During the course of the ride and without warning, the Ragin' Cajun suddenly came to an abrupt, forceful stop, causing Plaintiff's head and neck to be thrown to the right and forward.

9.      As a result of the ride's violent and sudden stop, Plaintiff suffered an immediate whiplash injury, intense neck pain, and heard a cracking sound in her neck when it was thrown to the right and forward.

10.     As the day progressed, Plaintiff began experiencing nausea, dizziness, headache, and pain in her right shoulder.

11.     Over the course of the next few days, Plaintiff's pain worsened and included neck cracking, neck, shoulder, and upper back stiffness and soreness, nausea, and facial swelling and numbness.

2

12.    As a result of the incident, Plaintiff suffered and continues to suffer from severe and long-lasting injuries including, *inter alia*, vertigo, whiplash, concussion, cervical pain and stiffness, tinnitus, headaches, and chronic neck, shoulder, and back pain.

13.    Plaintiff's injuries have required and will continue to require medical treatment—including but not limited to numerous rounds of physical therapy, manual therapy, injections, dry needling, neuromuscular retraining, and further pain management interventions—and have caused her significant pain and suffering.

14.    Plaintiff's injuries also caused her to suffer loss of earnings, as she was required to miss work due to her injuries, and related treatment and pain.

15.    Plaintiff's injuries will cause her to suffer a future loss of earnings capacity, as she will be required to miss work due to her injuries, and related treatment and pain.

16.    These symptoms and problems resulted from the incident, many of which continue through the date of this pleading.

17.    After the collision, Plaintiff had and continues to have substantial difficulty performing normal work activities, as well as difficulty performing normal activities of daily living.

18.    Plaintiff also suffered and will continue to suffer from emotional distress—including mental anguish, pain and suffering, and a negative effect on her mental health—as a result of her incident-related injuries and pain.

### COUNT I — NEGLIGENCE

19.    Plaintiff repeats and incorporates by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

20.    At all relevant times, Defendant owed Plaintiff a duty of reasonable care in the operation, inspection, maintenance, supervision, and control of the Ragin' Cajun rollercoaster ride.

3

21.     Such reasonable care includes operating the Ragin' Cajun in a safe and controlled manner.

22.     Such reasonable care also includes inspecting and monitoring the ride for unsafe conditions.

23.     At all times, the inspection, monitoring, and safe and controlled operation of the ride was in the exclusive control of Defendant.

24.     Defendant breached its duty of care owed to Plaintiff by failing to properly operate the Ragin' Cajun in a safe and controlled manner.

25.     Defendant further breached its duty of care owed to Plaintiff allowing the ride to operate in a condition that subjected riders to sudden, excessive, and unreasonable forces.

26.     Defendant further breached its duty of care to Plaintiff by failing to adequately inspect and monitor the ride for unsafe conditions.

27.     Defendant negligently breached its duty of care owed to Plaintiff and thereby caused the aforementioned incident.

28.     Defendant's breaches of duty owed to Plaintiff directly and proximately caused Plaintiff's injuries and damages.

29.     As a direct and proximate result of Defendant's negligence, Plaintiff sustained severe bodily and emotional injuries.

30.     As a direct and proximate result of Defendant's negligence, Plaintiff has incurred past medical expenses and incidental expenses, and will continue to incur additional medical and incidental expenses in the future.

31.     As a direct and proximate result of Defendant's negligence, Plaintiff missed work and thereby incurred additional economic losses.

4

32.     As a direct and proximate result of Defendant's negligence, Plaintiff has suffered and will continue to suffer a reduction in earnings capacity and thereby incurred additional economic losses.

33.     As a direct and proximate result of Defendant's negligence, Plaintiff had and continues to have difficulty performing various activities.

34.     As a direct and proximate result of Defendant's negligence, Plaintiff has experienced, and will continue to experience in the future, physical and mental pain and suffering.

**WHEREFORE,** Plaintiff Kimberly Treacy demands judgment against Defendant Six Flags America LP, for a sum in excess of $75,000.00 damages, which amount shall be proven at trial; for costs; pre- and post-judgment interest as permitted by law; and for such other and further relief as this Court may deem just and proper.

## COUNT II — NEGLIGENCE (RES IPSA LOQUITUR)

35.     Plaintiff repeats and incorporates by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

36.     At all relevant times, Defendant owed Plaintiff a duty of reasonable care in the operation, inspection, maintenance, supervision, and control of the Ragin' Cajun rollercoaster ride.

37.     Such reasonable care includes operating the Ragin' Cajun in a safe and controlled manner.

38.     Such reasonable care also includes inspecting and monitoring the ride for unsafe conditions.

39.     At all times, the inspection, monitoring, and safe and controlled operation of the ride was in the exclusive control of Defendant.

40.     Defendant breached its duty of care owed to Plaintiff by failing to properly operate the Ragin' Cajun in a safe and controlled manner.

5

41. Defendant further breached its duty of care owed to Plaintiff allowing the ride to operate in a condition that subjected riders to sudden, excessive, and unreasonable forces.

42. Defendant further breached its duty of care to Plaintiff by failing to adequately inspect and monitor the ride for unsafe conditions.

43. Defendant negligently breached its duty of care owed to Plaintiff and thereby caused the aforementioned incident.

44. The aforementioned incident would not ordinarily happen without negligence.

45. No action or omission of Plaintiff was the cause of the aforementioned incident.

46. Based on the doctrine of *res ipsa loquitor*, Defendant is liable to Plaintiff for Plaintiff's injuries and damages incurred as a result of the incident.

47. Defendant's breaches of duty owed to Plaintiff directly and proximately caused Plaintiff's injuries and damages.

48. As a direct and proximate result of Defendant's negligence, Plaintiff sustained severe bodily and emotional injuries.

49. As a direct and proximate result of Defendant's negligence, Plaintiff has incurred past medical expenses and incidental expenses, and will continue to incur additional medical and incidental expenses in the future.

50. As a direct and proximate result of Defendant's negligence, Plaintiff missed work and thereby incurred additional economic losses.

51. As a direct and proximate result of Defendant's negligence, Plaintiff has suffered and will continue to suffer a reduction in earnings capacity, and thereby incurred additional economic losses.

6

52.    As a direct and proximate result of Defendant's negligence, Plaintiff had and continues to have difficulty performing various activities.

53.    As a direct and proximate result of Defendant's negligence, Plaintiff has experienced, and will continue to experience in the future, physical and mental pain and suffering.

**WHEREFORE**, Plaintiff Kimberly Treacy demands judgment against Defendant Six Flags America LP, for a sum in excess of $75,000.00 damages, which amount shall be proven at trial; for costs; pre- and post-judgment interest as permitted by law; and for such other and further relief as this Court may deem just and proper.

**JURY DEMAND**

Plaintiff requests a trial by jury on all issues so triable.

Dated:  May 10, 2026                              Respectfully submitted,

**KIMBERLY TREACY**

By:  _____

Jacob M. Lebowitz, Esq., CPF #1302050001
POSEY LEBOWITZ PLLC
3221 M Street NW
Washington, D.C. 20007
(202) 524-0123 (telephone)
(202) 810-9009 (facsimile)
jlebowitz@poseylebowitz.com
*Counsel for Plaintiff*

**RULE 1-313 CERTIFICATION**

The undersigned hereby certifies that he is admitted to practice law in the State of Maryland and is a member in good standing of the Bar of the State of Maryland.

_____
Jacob M. Lebowitz, Esq.

7
